GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
NV State Bar No. 6654 (Admitted *Pro Hac Vice*)
E-mail: ggarman@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
Telephone (725) 777-3000

GARMAN TURNER GORDON LLP
TERESA M. PILATOWICZ, ESQ.
Arizona Bar No. 024447
E-mail: tpilatowicz@gtg.legal
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Telephone (725) 777-3000
*Attorneys for Creditor Blue Ox Holdings, LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>SANTA CLARITA, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 2:20-bk-12402-MCW |

## NOTICE OF ISSUANCE OF SUBPOENA TO TESTIFY AT EVIDENTIARY HEARING

Creditor Blue Ox Holdings, LLC, by and through its counsel, the law firm of Garman Turner Gordon LLP, and pursuant to Fed. R. Civ. P. 45(a)(4), made applicable to these proceedings pursuant to Fed. R. Bank. P. 9016, hereby provides notice of the issuance of a *Subpoena to Testify at Evidentiary Hearing* to Robert Turpin,

…

…

…

…

…

GARMAN TURNER GORDON
2415 E. Camelback Road
Suite 700
Phoenix, AZ 85016
725-777-3000

Case 2:20-bk-12402-MCW    Doc 463    Filed 02/10/22    Entered 02/10/22 12:45:30    Desc
4838-7024-2285, v. 1               Main Document    Page 1 of 7

| | |
|---|---|
| 1 | attached hereto as **Exhibit "1'**. |
| 2 | Dated this 10th day of February, 2022. |
| 3 | GARMAN TURNER GORDON LLP |
| 4 | By: /s/ *Teresa Pilatowicz* |
| 5 | TERESA M. PILATOWICZ, ESQ.<br>2415 E. Camelback Rd., Suite 700 |
| 6 | Phoenix, AZ 85016 |
| 7 | GREGORY E. GARMAN (admitted *pro hac vice*) |
| 8 | 7251 Amigo Street, Suite 210 |
| 9 | Las Vegas, Nevada 89119<br>*Attorneys for Creditor Blue Ox Holdings, LLC* |

GARMAN TURNER
GORDON
2415 E. Camelback Road
Suite 700
Phoenix, AZ 85016
725-777-3000

2 of 2

Case 2:20-bk-12402-MCW    Doc 463    Filed 02/10/22    Entered 02/10/22 12:45:30    Desc
4838-7024-2285, v. 1                    Main Document        Page 2 of 7

# EXHIBIT 1

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SANTA CLARITA, LLC<br><br>　　　　　　　Debtor. | Case No.: 2:20-bk-12402-MCW<br>Chapter 11<br><br>**SUBPOENA TO TESTIFY AT EVIDENTIARY HEARING** |

**TO:** Robert Turpin
　　　c/o Neil Stuart
　　　**COHEN DOWD QUIGKEY**
　　　**2425 East Camelback Road, Suite 1100**
　　　**Phoenix, Arizona 85016**

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | DATE AND TIME |
|---|---|
| The evidentiary hearing will be conducted remotely by videoconference in accordance with the attached Pretrial Order. | February 24, 2022<br>9:00 a.m.<br><br>February 25, 2022<br>9:00 a.m. |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify. If you are an organization, you must designate one or more officers directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

　　　The following provisions of Fed. R. Siv. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 901, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

1

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Teresa M. Pilatowicz<br><br>**Teresa M. Pilatowicz, Attorney** | February 10, 2022 |
| **ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER**<br><br>Gregory E. Garman, Esq.<br>Teresa M. Pilatowicz, Esq.<br>Garman Turner Gordon LLP<br>2415 E. Camelback Rd., Suite 700<br>Phoenix, AZ 85016<br>(725) 777-3000<br>*Attorneys for Creditor Blue Ox Holdings, LLC* | |

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

2

Case 2:20-bk-12402-MCW    Doc 463    Filed 02/10/22    Entered 02/10/22 12:45:30    Desc
Main Document    Page 5 of 7

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45)

I received this subpoena for *(name of individual and title, if any)* _____
_____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena executed because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rules of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

    (i) is a party or a party's officer; or

    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:

   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*

   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*

   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;

    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv) subjects a person to undue burden.

   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*

   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i) expressly make the claim; and

    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Siv. P. 45(a) Committee Note (2013